IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**WHITNEY M MOORE, DDS, ET AL.,**

      **Plaintiffs,**

v.

**JOHN F. GALLAGHER, ET AL.,**

      **Defendants.**

Case No. 2:12-cv-01163
JUDGE GREGORY L. FROST
Magistrate Judge Kemp

## ORDER

This matter is before the Court on Defendant David Kerschner, DDS's motion for attorney's fees for frivolous conduct. (ECF No. 48.) Kerschner contends that Plaintiffs wrongfully joined him in this action and that the claims against him were "groundless and frivolous." (*Id.* at PageID# 545.) Plaintiffs filed a memorandum in response and opposition to Kerschner's motion. (ECF No. 50.) For the reasons set forth below, the Court **DENIES** Defendant Kerschner's motion.

Plaintiffs' Complaint in this action alleges the existence of a complex enterprise and conspiracy that caused Plaintiffs economic loss and also bilked (allegedly) Ohio's Medicaid program of hundreds of thousands of dollars. Defendant Kerschner was one of several Defendants named in the complaint as being part of the alleged enterprise and conspiracy. In a previous Order, this Court granted Plaintiffs' motion to drop certain Defendants from this action, including Kerschner. (ECF No. 47.) Defendants Kerschner, Thompson Hine LLP, Jerry Vande Werken, Jayson Hogan, and Kathy Dotson were dropped as Defendants in this action pursuant to Fed. R. Civ. P. 21, without prejudice to Plaintiffs' ability to refile timely claims against them. (*Id.*)

Defendant Kerschner now moves this Court for an award of attorney's fees.  Kerschner contends he had "no involvement" with Plaintiffs' dental practice and that Plaintiffs' counsel was apprised of that fact early on.  For this reason, and for those stated in his motion to dismiss this action (which the Court terminated as moot following the dismissal of Kerschner from this case), Kerschner contends that he is entitled to a fee award as a prevailing party due to Plaintiffs' "bad faith" conduct in this action.  *See Hall v. Cole*, 412 U.S. 1, 5 (1973).

Kerschner argues that Plaintiffs' bad faith is conclusively established by the Court's order dismissing him from the case under Fed. R. Civ. P. 21.  He contends that Plaintiffs' request to drop him as a party was "an admission that Kerschner was wrongfully joined in the first place." (ECF No. 48 at Page ID# 545.)  Kerschner is wrong on this point.  Though Rule 21 does speak to the "misjoinder" of parties, dismissing parties for misjoinder is not the only function of the rule. The rule is also the proper procedural vehicle for dismissing less than the entire action, such as here, when Plaintiffs sought to voluntarily dismiss several Defendants from the suit for reasons that (according to Plaintiffs' motion) had nothing to do with the merits of the case against those Defendants.  (ECF No. 45.)  *See Letherer v. Alger Group, L.L.C.,* 328 F.3d 262, 265-66 (6th Cir. 2003) (suggesting that Fed. R. Civ. P. 21 is the proper procedural vehicle for dismissing fewer than all defendants from an action), *recognized as overruled on other grounds in Blackburn v. Oaktree Capital Mgmt., LLC,* 511 F.3d 633, 636 (6th Cir. 2008); *see also Crozin v. Crown Appraisal Group, Inc.*, Nos. 2:10-cv-581 and 2:10-cv-764, 2012 U.S. Dist. LEXIS 876 (S.D. Ohio Jan 4, 2012) (relying on *Letherer* to find that Fed. R. Civ. P. 21, and not Fed. R. Civ. P. 41, was the proper procedural vehicle for dismissing fewer than all parties in an action). Accordingly, Kerschner cannot rely on the Rule 21 dismissal as a basis for finding "bad faith" on the part of Plaintiffs.

Moreover, even assuming that the Court could characterize Kerschner as a prevailing party by virtue of his dismissal *without prejudice* from this action, the Court is unable to find frivolous conduct at this juncture.  To do so would require the Court to accept Kerschner's version of the facts underlying this case and to reject Plaintiffs' allegations out of hand.  With no factual record before it, the Court cannot leap to the conclusion that Plaintiffs lacked a basis for bringing their claims against Kerschner.  Indeed, Plaintiffs' response to Kerschner's motion detailed the breadth of their investigation into the facts and how they reached the conclusion that Kerschner was involved in the alleged wrongdoing that forms basis of the complaint in this case. (ECF No. 50.)

For the foregoing reasons, the Court **DENIES** Defendant Kerschner's motion for attorney's fees.

**IT IS SO ORDERED**.

                                              /s/ Gregory L. Frost
                                              GREGORY L. FROST
                                              UNITED STATES DISTRICT JUDGE