UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**WHITNEY M. MOORE, DDS, et al.,**

    **Plaintiffs,**

    v.

**JOHN F. GALLAGHER, et al.,**

    **Defendants.**

Case No. 2:12-cv-1163
JUDGE GREGORY L. FROST
Magistrate Judge Terence P. Kemp

## ORDER

This matter is before the Court for consideration of Plaintiffs' motion for summary judgment. (ECF No. 67.) In that motion, Plaintiffs, Whitney M. Moore, DDS and Columbus Dental Care – Whitney M. Moore, DDS, Inc., seek summary judgment on the four claims set forth in their complaint.[1] For the reasons that follow, the Court finds the motion not well taken.

Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In viewing the evidence, the Court must draw all reasonable inferences in favor of the nonmoving party, which must set forth specific facts showing that there is a genuine issue of material fact for trial. *See Muncie Power Prods., Inc. v. United Tech. Auto., Inc.*, 328 F.3d 870, 873 (6th Cir. 2003) (citing *Matsushita Elec. Indus.*

---

[1] The motion also seeks summary judgment on a counterclaim that the motion states Defendants John Gallagher and Our Rental Paradise assert. (ECF No. 67.) Subsequent to the filing of the motion, this Court filed an Order in which it explained that the counterclaim was actually asserted by only Gallagher and against only Moore. (ECF No. 68, at Page ID # 705 n.2.) In that same Order, the Court granted a motion to dismiss the counterclaim. (*Id*. at Page ID # 709.) Accordingly, that part of Plaintiffs' motion for summary judgment targeting the counterclaim is moot.

1

*Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)); *Hamad v. Woodcrest Condo. Ass'n*, 328 F.3d 224, 234 (6th Cir. 2003).  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Muncie*, 328 F.3d at 873 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  Consequently, the central issue is " 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' " *Hamad*, 328 F.3d at 234-35 (quoting *Anderson*, 477 U.S. at 251-52).

      Plaintiffs have failed to show that there is no genuine dispute as to any material fact and that they are entitled to judgment as a matter of law.  To support their motion, Plaintiffs rely upon two declarations as their only evidence.  Plaintiffs state in their briefing that "Dr. Moore and her office manager have verified the facts set forth herein and the damages calculation.  Their declarations are attached as Exhibits A and B."  (ECF No. 67, at Page ID # 676.)  But the exhibit declarations do not provide Plaintiffs the necessary support they state exists.

      The first declaration, Exhibit A, is titled "Declaration of Dr. Whitney M. Moore."  (ECF No. 67-1, at Page ID # 701.)  The body of the document indicates, however, that it is a declaration made and signed by Michelle Watkins, not by Moore.  The entirety of the declaration reads as follows:

> I, Michelle Watkins, hereby state as follows based upon my own personal knowledge:
> 1. I am the office manager and book keeper for Dr. Moore's practice, and am over the age of eighteen.
> 2. I work for Columbus Dental care – Whitney M. Moore DDS, Inc.
> 3. I previously worked for 1151 South High Dentist Group – Whitney M. Moore DDS, Inc. (a/k/a Dental care of Columbus).
> 4. I have read the Motion for Summary Judgment to which this Declaration is attached.

>    5. I know that Dr. Moore and her practice incurred $759,000.00 in damages. I reviewed the records concerning this loss amount.
>    6. I had no knowledge of the defendants' fraud scheme and did not participate in it. When Dr. Moore discovered it, she stopped it and terminated her relationship with them.
>    7. Finally, Dr. Moore and her practice have incurred attorneys' fees and costs to prosecute this case.

(ECF No. 67-1, at Page ID # 701.) The problem is that none of these paragraphs indicate that Watkins is verifying the pages and pages of factual contentions set forth in the summary judgment briefing. Instead, the declaration paragraphs indicate Watkins' current and former employment, indicate that she read the summary judgment motion, provide a conclusory assertion of damages, deny prior knowledge of and participation in a fraud scheme, indicate that Moore stopped a fraud scheme, and indicate that Moore and her practice have incurred legal fees. The declaration therefore does not provide the factual allegations supporting the motion to show that there is no genuine dispute as to any material fact so that Plaintiffs are entitled to judgment as a matter of law.

      The second declaration, Exhibit B, is even more problematic. That exhibit is also titled "Declaration of Dr. Whitney M. Moore," but the body of that declaration is simply the same introductory line and seven numbered paragraphs as Exhibit B, right down to the statement that the document is the declaration of Michelle Watkins. (ECF No. 67-2, at Page ID # 703.) The second page of the declaration is then a signature by Moore. It appears to this Court that Plaintiffs have filed the wrong page as the first page of the Moore declaration.

      These two declarations leave this Court without summary judgment evidence supporting the numerous factual allegations set forth in the briefing and upon which Plaintiffs base not only their account of the facts, but the entirety of their consequent argument for summary judgment.

This Court cannot say based on the record before it that sufficient facts are established, much less material facts not in dispute, demonstrating an entitlement to judgment as a matter of law. Moreover, the Court expresses no opinion here as to whether Plaintiffs could meet this burden by seeking to remedy the current issues by obtaining leave to file a second motion for summary judgment that is accompanied by sufficient evidentiary support. Rather, the Court simply must hold at this juncture that Plaintiffs have failed to demonstrate that summary judgment is warranted.

The Court **DENIES** Plaintiffs' motion for summary judgment. (ECF No. 67.)

**IT IS SO ORDERED**.

/s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE